## Watkins v. Thompson, et al.

## Bastin, et al. v. Thompson, et al.

(Decided May 14, 1920.

### Appeals from Laurel Circuit Court.

Action—Restitution—Parties.—Persons dispossessed of property under a writ issued in a case to which they are not parties must seek restitution either in the original suit or by separate action. Relief cannot be granted upon motion in a summary proceeding.

H. C. CLAY for appellants.

L. P. THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Jonathan McNeill purchased at a receiver's sale the property of the Nickel Plate Coal Company, and executed two purchase bonds for his bid. After much litigation, including two appeals to this court, the report of sale was confirmed and McNeill was placed in possession of the property under a writ of possession. McNeill failed to pay his bonds and as a result of further litigation the property purchased by him was again sold and the property was purchased by appellee Thompson. No deed was made to appellee until 1904. In the meantime appellee had taken possession of the property under the execution sale, but was ousted of possession when the aforesaid writ was granted to McNeill. January 26, 1916, appellee filed suit to recover certain property which she claimed to own, being a part of that purchased by her at the execution sale and of which she was dispossessed and asked that she be placed in possession thereof. Judgment in her favor entered July 26, 1916, was affirmed in 178 Ky. 90, 198 S. W. 571.

January 2, 1919, the sheriff of Laurel county, under a writ of *habere facias possessionem* issued by the court in the former action of McNeill v. Thompson, placed appellee Thompson in possession of the property involved here. February 13, 1919, notice was served on the appellee by the present appellants that the latter would on February 24, 1919, move the court for an order of restitution directing appellees to restore to appellants possession of certain described land and to quash the sheriff's return on the writ of possession issued January 2, 1919. Neither the notice, nor the motion was given or made in the original suit, but were captioned under the names of the parties as they appear on this appeal. No separate action was filed.

The appellants, Creech and Bastin, claim to own the property described in their motion by deed dated October 30, 1905, from Jonathan McNeill, and which was recorded January 18, 1906, in the county clerk's office. As to the appellant Watkins it is said she purchased the land referred to and described in her notice and motion from Creech and Bastin some time after 1905; the exact date is not stated. No one of the present appellants was a party to the suit filed by Thompson against McNeill, January 26, 1916, but each of the appellants claim to have been in possession of the property at the time appellee was placed in possession thereof by the sheriff.

The motion was assigned to a day for hearing and thereafter the court entered a judgment overruling the motion, dismissing the proceeding and granting to the movants an appeal to this court. By agreement the two motions were heard together.

Two questions are raised by counsel for appellant:

First, is the judgment rendered in the suit of Thompson v. McNeill binding upon the appellants or any of them?

Second, if not binding did appellants adopt the proper procedure to obtain the relief they sought?

Satisfied as we are that the lower court properly ruled upon the motion made by appellants it will be unnecessary to discuss the first question.

In McChord's Heirs v. McClintock, 5 Litt. 304, it appears that one Sims, as the tenant of McClintock, was in possession of the land there involved. In a previous suit of McChord v. Logan, et al., McChord was adjudged the owner of this same land. Neither Sims nor McClintock was a party to that suit. Under a writ of possession, which issued under the decree, the sheriff dispossessed Sims. McClintock then applied to the court for a writ of restitution which was granted and to reverse that order the McChord heirs appealed. The court held it was irregular for the sheriff to dispossess Sims, who was not a party to the suit, and further that it was incumbent upon the court to correct the abuse of its process by awarding a writ of restitution, there being no room for controversy as to the facts upon which the application for the writ of restitution was predicated. But had the evidence been of a doubtful character it was said Sims and McClintock should have been left to assert their rights in an action of ejectment. See also Waggoner, etc. v. Hatcher, 137 Ky. 406, 125 S. W. 1063; Martin, etc. v. Hall, etc., 152 Ky. 677, 153 S. W. 997.

Had the present appellants followed the same procedure as did McClintock, the evidence being satisfactory, the requested writ should have been granted, but this they failed to do. Here the ousted parties, in a very summary manner, merely upon motion, are asking that they be restored to their possession. There is no reference to nor mention of the original suit. They were not authorized to proceed in this manner. Two remedies were open to them; they could have made a motion to redocket the original suit, in which they were ousted of

possession, and asked for restitution therein. or they could have sought relief in a separate action. Having failed to take advantage of these available remedies the lower court did not err in overruling their motion.

Judgment affirmed.